UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA,       )
                                )
v.                              )  Case No. CR 604-27
                                )
GARY ALEXANDER MATTHEWS,        )
                                )
       Defendant.               )

## ORDER

Before the Court is Magistrate Judge Smith's Report and Recommendation (Doc. 24) on Defendant's Motion to Suppress (Doc. 8), and Defendant's objections thereto (Doc. 26). After a careful de novo review of the record and the relevant law, the Court **ADOPTS** the Magistrate's report and recommendation in its entirety. The Court also addresses Defendant's objections to the extent they have not been considered by the Magistrate Judge.

In his objections, Defendant argues that he was detained within the meaning of the Fourth Amendment when law enforcement allegedly blocked his access to leave, and when Deputy Sheriff Brad Hart approached his vehicle with a badge and gun displayed. Additionally, he alleges Defendant was clearly seized when Hart asked that Defendant put his hands on the dashboard of the vehicle.

In United States v. Mendenhall, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877, 64 L. Ed. 2d 497 (1980), the Supreme Court formulated a test for Fourth Amendment purposes,

stating: "We conclude that a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Law enforcement agents do not violate the Fourth Amendment merely by engaging in casual conversation with a person in a public place. See Florida v. Royer, 460 U.S. 491, 497, 103 S. Ct. 1319, 1324, 75 L. Ed. 2d 229 (1983). Here, Hart testified that during his initial approach to Defendant's vehicle in the McDonald's drive-thru lane he simply asked Defendant questions of a casual nature. He then questioned Defendant's failure to wear a seatbelt and asked for his identification to verify his name. In United States v. Drayton, 536 U.S. 194, 201, 122 S. Ct. 2105, 2110, 153 L. Ed. 2d 242 (2002), the Supreme Court noted: "Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search luggage--provided they do not induce cooperation by coercive means." Such casual conversation and requests do not implicate the Fourth Amendment.

The fact that Hart had a badge attached to his belt and a firearm on his side also does not implicate the Fourth Amendment. See Florida v. Rodriguez, 469 U.S. 1, 105 S. Ct. 308, 83 L. Ed. 2d 165 (1984) (rejecting claim that defendant was seized when an officer approached him in airport, showed him his badge, and asked him to answer some questions). Further, in dicta, the Supreme Court has noted that: "The presence of a holstered firearm .

. . is unlikely to contribute to the coerciveness of the encounter absent active brandishing of the weapon." Drayton, 536 U.S. at 205, 122 S. Ct. at 2112.

As to Defendant's allegation that his car was blocked in by known police vehicles, the Court credits Hart's testimony that his vehicle, a Ford Expedition, was parked behind Defendant's car, and there was adequate space for Defendant to pull out if he so desired. While several more police vehicles arrived in the McDonald's parking lot once the officers were aware of Joseph Durden's presence in Defendant's vehicle, it is not clear at what point in the encounter they arrived. Regardless, the Court credits the testimony of Agent Robert Shore, Deputy Commander of the East Central Georgia Drug Task Force, that the police vehicles arrived 30-60 seconds after Hart and he arrived at McDonald's, and that they did not park on the side of Defendant's vehicle, but rather were behind Defendant's vehicle. (Doc. 27, pp. 75-76.) See United States v. Kim, 25 F.3d 1426 (9th Cir. 1994) (no seizure where officers approached parked vehicle and "partially blocked" the parked car). The Court also concurs with the Magistrate Judge's determination that Hart's request that Defendant keep his hands where Hart could see them was minimally intrusive, and therefore did not end the consensual nature of the encounter. See United States v. Gutierrez-Vargas, 2005 WL 696902, at *8 (D. Or. Mar. 25, 2005). The Court concludes, viewing all the surrounding circumstances, that until Defendant was asked to exit his vehicle, a reasonable person would not believe he was being seized or detained within the meaning of the Fourth Amendment. Further, the Court agrees with and adopts the Magistrate Judge's determination

3

that a reasonable suspicion of criminal activity existed when Hart requested Defendant to step out of his car, thereby justifying such request.[1]

To the extent that Defendant alleges that the encounter was actually a detention based on an alleged seat belt violation, the Court points to Hart's testimony in response to defense counsel's questioning:

> Q. So you really had no intention of initiating a traffic stop due to the lack of seat belt?
>
> A. No, not at all.

(Doc. 27, p. 27.)

The Court determines that this encounter was not a detention based on a pretextual seat belt violation. Rather, the encounter was initially a voluntary conversation between a police officer and a citizen in a public place.

**IT IS HEREBY ORDERED** that Defendant's motion to suppress (Doc. 8) is

---

[1] Defendant questions the reliability of Hart's informant. This allegation is without merit. At the suppression hearing, Hart testified that his confidential informant told him that Defendant kept a gun on him or near him at all times. (Doc. 27, p.7.) He also testified that the confidential informant's information had in the past led to at least two or three arrests. (Doc. 27, p.33.) This is to be distinguished from Agent Shore's source. Agent Shore testified that he had a source who had not been deemed reliable yet. This source, however, only told Agent Shore the location in which Defendant could be found and his association with Joseph Durden. (Doc. 27, p. 56.) Hart's confidential informant's tip, combined with the totality of the circumstances, justified the eventual seizure of Defendant.

4

**DENIED.** Defendant has moved for additional time to obtain a transcript and to file it with the Court. (Doc. 26). He also seeks to file a supplemental brief and to have an additional hearing. A copy of the transcript was filed with the Court on May 4, 2005, so Defendant's request for additional time is **DENIED AS MOOT.** The Court feels that additional briefing is not warranted, and that an additional hearing is unnecessary, and therefore **DENIES** such requests.

So Ordered,

Dated: June 3, ~~May~~ 2005

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     *

         vs.     *     CASE NO. CR604-27

Gary Matthews     *

         *

         *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as Order dated 6/3/05 , which is part of the official records of this case.

Date of Mailing: 6/3/05
Date of Certificate: 6/3/05

SCOTT L. POFF, CLERK

By: JGB

NAME:
1. Gary Matthews, P.O. Box 1700, Hardwick, GA 31034
2. Hal Roach, P.O. Box 1105, Statesboro, GA 30459
3. 
4. 
5. 
6. 
7. 

Cert/Copy
- ☐ ☒ District Judge
- ☐ ☐ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds